**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) Case No. 20-00183-01-CR-W-GAF |
| | ) |
| **Plaintiff,** | ) Kansas City, Missouri |
| | ) December 7, 2020 |
| **v.** | ) |
| | ) |
| **DUSTIN M. JORDAN,** | ) |
| | ) |
| **Defendant.** | ) |
| _____ | ) |

**TRANSCRIPT OF HEARING ON CHANGE OF PLEA**
**BEFORE THE HONORABLE LAJUANA M. COUNTS**
**UNITED STATES MAGISTRATE JUDGE**

APPEARANCES:

For the Plaintiff:          Mr. David Luna
                            Assistant United States Attorney
                            400 E. Ninth St., Ste. 5510
                            Kansas City, MO  64106
                            (816) 426-3122

For the Defendant:          Mr. W. Scott Toth
                            105 E. Park
                            Olathe, KS  66061
                            (913) 948-6682

Court Audio Operator:       Ms. Traci R. Chorny

Transcribed by:             Rapid Transcript
                            Lissa C. Whittaker
                            1001 West 65th Street
                            Kansas City, MO  64113
                            (816) 914-3613

Proceedings recorded by electronic sound recording, transcript
produced by transcription service.

1    (Court in Session at 1:40 p.m.)

2    THE COURT:  All right.  Thank you so much, Traci.  We

3    are here on Case No. 20-00183-01-CR-W-GAF, *United States of*

4    *America vs. Dustin Jordan*.  May I please have entry of appearance

5    by the Government?

6    MR. LUNA:  Good afternoon, Your Honor.  This is David

7    Luna for the United States.

8    THE COURT:  Thank you, Mr. Luna.  And for Mr. Jordan?

9    MR. TOTH:  Good afternoon and may it please the Court,

10   Your Honor?  Mr. Jordan appears by Zoom video and along with his

11   attorney, Scott Toth.

12   THE COURT:  All right.  Thank you.  All right.  And so,

13   we are here for a change of plea hearing.  And the first order I

14   need to cover is that I have a consent to entry of felony plea

15   before a U.S. Magistrate Judge form, and it appears to be signed

16   by Mr. Jordan and his attorney, Mr. Toth, dated with the date of

17   December the 5th of 2020.  I'll ask you, Mr. Toth -- excuse me --

18   Mr. Jordan, did you sign that document?

19   MR. JORDAN:  Yes, I did, Your Honor.

20   THE COURT:  All right.  And did you sign it after you

21   had a chance to talk with your attorney?

22   MR. JORDAN:  Yes, I have, Your Honor.

23   THE COURT:  And if you had any questions, did he answer

24   any questions that you had?

25   MR. JORDAN:  Yes, he has, Your Honor.

1    THE COURT:  All right.  And in this consent form, what

2    it says is that I will be able to take your guilty plea as a

3    Magistrate Judge under a local rule that allows that.  And then I

4    will prepare a Report and Recommendation to the District Judge

5    for the final adjudication.  Do you understand that?

6        MR. JORDAN:  Yes, I do, Your Honor.  Thank you.

7        THE COURT:  All right.  So, did you sign this form

8    voluntarily and knowingly?

9        MR. JORDAN:  Completely voluntarily and knowingly, yes.

10       THE COURT:  All right.  So, the Court does find that

11   this -- can't see it -- order.  And so, it will be filed with the

12   Court.  And so, we will move forward with the -- with this plea.

13   So, the Court has been advised, Mr. Jordan, that you wish to

14   enter a plea to the one-count Indictment that charges you with

15   being a felon in possession of a firearm, is that correct?

16       MR. JORDAN:  That is correct, Your Honor.

17       THE COURT:  All right.  So, I need to ask you some

18   questions under oath.  I will ask my courtroom deputy to swear

19   you in, and then we'll get started.

20            DUSTIN M. JORDAN, DEFENDANT, SWORN

21       THE COURT:  All right.  So, Mr. Jordan, do you

22   understand that you are now under oath, and that if you answer

23   any of my questions falsely, that you may later be charged and

24   prosecuted for perjury or making a false statement?  Do you

25   understand that?

1    MR. JORDAN:  I do understand that, Your Honor.

2    THE COURT:  All right.  All right.  So, the first set of

3 questions I have for you have to deal with your competency to

4 understand these proceedings and enter a knowing plea.  So, we'll

5 get started on that.  What is your full name for the record?

6    MR. JORDAN:  Dustin Michael Jordan.

7    THE COURT:  And where were you born?

8    MR. JORDAN:  Olean, New York.

9    THE COURT:  New York.  And how old are you?

10   MR. JORDAN:  I am 38 -- 36.  I'm sorry, Your Honor.

11   THE COURT:  Okay.

12   MR. JORDAN:  My brother just had his 30th birthday.

13   THE COURT:  Okay.  So, you're 38 -- 36 years old.  How

14 far did you go in school?

15   MR. JORDAN:  What's that?

16   THE COURT:  How far did you go in school?

17   MR. JORDAN:  Eleventh grade and then GED.

18   THE COURT:  Okay.  GED.  So, are you able to read, write

19 and understand the English language?

20   MR. JORDAN:  Very confidently.

21   THE COURT:  All right.  Have you been treated recently

22 for any mental illness or addiction to any drugs of any kind?

23   MR. JORDAN:  Methamphetamines and bipolar.

24   THE COURT:  And bipolar?  I'm sorry.

25   MR. JORDAN:  Bipolar, manic, Phase I episodes.

1    THE COURT:  So, are you taking medication for that?

2    MR. JORDAN:  Since my release from DOC, I have not been

3 able to get back on medication with a stable doctor.  It's one of

4 my (inaudible) I'm trying to get to right now.

5    THE COURT:  All right.  So, without that medication, do

6 you still understand what's going on today?

7    MR. JORDAN:  Yes, ma'am.

8    THE COURT:  All right.  So, I guess the question that --

9 you are currently under the care of a physician or psychiatrist,

10 is that correct?

11    MR. JORDAN:  Not at this time, no.

12    THE COURT:  Okay.  But they're working on that, is that

13 correct?

14    MR. JORDAN:  Nobody here is.

15    THE COURT:  Okay.  But that's the whole -- so you can

16 get back on whatever medications that you need for --

17    MR. JORDAN:  That's the intention.

18    THE COURT:  -- bipolar and manic depression?  Okay.  All

19 right.  Are you currently under the influence of any drugs,

20 medication or alcoholic beverage of any kind?

21    MR. JORDAN:  No, ma'am.

22    THE COURT:  And are you fully aware of what's happening

23 here today?

24    MR. JORDAN:  Yes, ma'am.

25    THE COURT:  All right.  I'll ask either counsel, do you

1  have any doubt as to Mr. Jordan's competency to plead at this

2  time?  Mr. Toth?

3          MR. TOTH:  No, Your Honor.

4          THE COURT:  Okay.  Mr. Luna?

5          MR. LUNA:  No, Your Honor.

6          THE COURT:  All right.  Based upon Mr. Jordan's answers

7  to the questions, as well as the input from both counsel, this

8  Court does find that Mr. Jordan is competent to understand the

9  proceedings and enter a knowing plea.  All right.  So, these next

10  questions have to do with your satisfaction with your attorney,

11  Mr. Jordan.  Have you had an ample opportunity to discuss your

12  case with your attorney?

13          MR. JORDAN:  Yes, ma'am.

14          THE COURT:  And are you fully satisfied with his

15  counsel, representation and advice in this case?

16          MR. JORDAN:  Fully.

17          THE COURT:  Okay.  And has he done everything that

18  you've asked him to do?

19          MR. JORDAN:  Everything and more, Your Honor.

20          THE COURT:  Okay.  All right.  That's good.  All right.

21  So, let's move on to there are certain rights that you are

22  waiving, constitutional rights that you are waiving by pleading

23  guilty.  And no one can force you to plead guilty, not the Court,

24  not your attorney, not the Government, not law enforcement.  No

25  one can force you to waive your constitutional right to a jury

1  trial on these charges.  And this case will proceed to trial as

2  scheduled, unless you enter a guilty plea today.  Do you

3  understand that?

4           MR. JORDAN:  Yes, I do, Your Honor.

5           THE COURT:  All right.  So, as far as your

6  constitutional rights that you are waiving, you're waiving the

7  right to plead not guilty and to persist in a plea of not guilty.

8  Do you understand that?

9           MR. JORDAN:  Say it one more time.

10          THE COURT:  You're waiving the right to plead not guilty

11  and to persist in a plea of not guilty.  Do you understand that?

12          MR. JORDAN:  Yes, ma'am.

13          THE COURT:  You're also waiving the right to be presumed

14  innocent until your guilt is established beyond a reasonable

15  doubt at trial because there won't be a trial.  Do you understand

16  that?

17          MR. JORDAN:  Yes, ma'am.

18          THE COURT:  Additionally, you have, you're waiving the

19  right to a jury trial, and at that trial, the right to effective

20  assistance of counsel.  Do you understand that?

21          MR. JORDAN:  Yes, ma'am.

22          THE COURT:  Also, you are waiving the right to confront

23  and cross-examine witnesses that the Government would have to

24  testify against you at trial because there won't be a trial.  Do

25  you understand that?

1           MR. JORDAN:  Yes, ma'am.

2           THE COURT:  Additionally, you would be waiving the right
3    to compel or subpoena witnesses to appear on your behalf at trial
4    because there won't be one.  Do you understand that?

5           MR. JORDAN:  Yes, ma'am.

6           THE COURT:  And additionally, you are waiving the right
7    to remain silent at trial, in which case, your silence could not
8    be used against you.  Do you understand that?

9           MR. JORDAN:  Yes, ma'am.

10          THE COURT:  And have you discussed your rights with your
11   attorney?

12          MR. JORDAN:  I have.

13          THE COURT:  Okay.  And with knowing all those rights
14   that you are waiving, do you still wish to plead guilty?

15          MR. JORDAN:  I do, Your Honor.

16          THE COURT:  All right.  So, do you have a copy of the
17   Indictment with you, Mr. Jordan?

18          MR. JORDAN:  No, I do not, ma'am.

19          THE COURT:  Okay.  But you've had a chance to review
20   that with your attorney, is that correct?

21          MR. JORDAN:  Yes, ma'am.

22          THE COURT:  All right.  And so, what I will do, I will
23   have Mr. Luna read the Indictment to you.  It's one count.  And
24   then also provide you with the penalties that are associated with
25   the charges.  Okay?

1    MR. JORDAN:  Yes, ma'am.

2    THE COURT:  All right.  Mr. Luna.

3    MR. LUNA:  The defendant is indicted in a single count

4  of felon in possession of a firearm.  It alleges that on or about

5  July 24th, 2020, in the Western District of Missouri, the

6  defendant, knowing he had been previously convicted of a crime

7  punishable by imprisonment for a term exceeding one year, did

8  knowingly possess, in and affecting commerce, a firearm, to wit:

9  a Phoenix Arms, Model HP22A, .22 long rifle caliber, semi-

10 automatic pistol, Serial Number 4358311, which had been

11 transported in interstate commerce, contrary to Title 18, United

12 States Code, Sections 922(g)(1) and 924(a)(2).  Felon in

13 possession of firearm as charged is punishable by not more than

14 ten years imprisonment, not more than a $250,000 fine, up to

15 three years of supervised release, and that is a Class C felony.

16 There is also a $100 mandatory special assessment for that count.

17   THE COURT:  Thank you.  All right.  Mr. Jordan, do you

18 understand the charges that are lodged against you?

19   MR. JORDAN:  Yes, ma'am, Your Honor.

20   THE COURT:  All right.  And let's see.  Do you also

21 fully understand the penalties that are associated with the

22 charge?

23   MR. JORDAN:  Yes, Your Honor.

24   THE COURT:  All right.  Mr. Luna also indicated about

25 the $100 mandatory special assessment.  And do you understand

1  that that $100 is mandatory under the statute 18 U.S.C. Section

2  3013, and that you're responsible for paying that $100?  Do you

3  understand that?

4        MR. JORDAN:  Yes, Your Honor.

5        THE COURT:  Also, he talked about the period of

6  supervised release of not more than three years.  Do you

7  understand that if you're on supervised release and you violate

8  the terms, the court revoke your supervised release?  Can you

9  still hear me?

10        MR. JORDAN:  I can barely hear you over these guys.  I'm

11  sorry, Your Honor.

12        THE COURT:  Okay.  That's okay.

13        MR. JORDAN:  (Inaudible).

14        THE COURT:  All right.  Thank you.  Okay.

15        MR. JORDAN:  They want it open.

16        THE COURT:  All right.  So, we were talking about the

17  penalties.  In the Indictment it has not more than three years of

18  supervised release.  Do you know what supervised release is?

19        MR. JORDAN:  Yes, ma'am, probation.

20        THE COURT:  All right.  So, similar to that.

21        MR. JORDAN:  It's similar, yes.

22        THE COURT:  So, after the period of custody, then you

23  would be on paper, as they say, for not more than three years.

24  Do you understand that?

25        MR. JORDAN:  I do, Your Honor.  Thank you.

1    THE COURT:  So, if you're on supervised release and you

2 violated those -- violate those terms, the court can revoke your

3 supervised release, send you back to jail, and not give you any

4 credit for any time that you'd spent on supervised release.  Do

5 you understand that?

6    MR. JORDAN:  I do, Your Honor.

7    THE COURT:  And also, the court can add an additional

8 time of supervised release even after that is done.  Do you

9 understand that?

10    MR. JORDAN:  Yes, Your Honor.

11    THE COURT:  All right.  All right.  So, I understand

12 that there is no plea agreement in this case, is that correct?

13    MR. LUNA:  That's correct, Your Honor.

14    THE COURT:  Okay.  All right.  So, let me go over -- I

15 guess I want to confirm with Mr. Toth that any -- I don't know if

16 there have been any formal plea offers, but I just wanted to

17 confirm that any -- if there were any, that they were conveyed to

18 your client, Mr. Jordan?

19    MR. TOTH:  There really hasn't, Your Honor, to be honest

20 with you.  But anything that Mr. Luna and I have communicated

21 about has been passed on to Mr. Jordan.  And I'm satisfied that

22 he has all the information that I have received from the

23 Government.

24    THE COURT:  All right.  Thank you.  All right.  All

25 right.  So, Mr. Jordan, this offense, of course, is a felony

1  offense, and if your plea is accepted and you are adjudged

2  guilty, there are certain civil rights that you are waiving.  Do

3  you understand that?

4           MR. JORDAN:  Yes, ma'am.

5           THE COURT:  Okay.  So, I'm going to go over those civil

6  rights that you would be losing.  That is the right to vote, the

7  right to hold public office, the right to a jury, and the right

8  to possess any kind of firearm and ammunition.  Do you understand

9  that those are the civil rights that you would lose?

10          MR. JORDAN:  Yes, ma'am.

11          THE COURT:  All right.  And I'm sure Mr. Toth has talked

12  to you about the Sentencing Guidelines.  Have you talked about

13  that?

14          MR. JORDAN:  Yes, ma'am.

15          THE COURT:  All right.  And so, I know that he may have

16  talked to you about maybe some calculations that he thinks will

17  be -- about the guideline range that may be calculated in this

18  case.  Do you understand that those guidelines or those

19  calculations by your attorney and the Government just simply,

20  they're estimates?  Do you understand that?

21          MR. JORDAN:  Yes, ma'am.

22          THE COURT:  Do you also understand that the District

23  Judge will be the one who will determine what your guideline

24  range is and also what sentence is ultimately imposed in this

25  case?  Do you understand that?

1          MR. JORDAN:  Yes, ma'am.

2          THE COURT:  And that sentence can be, could be more or

3   less than what your attorney and the Government have predicted in

4   this case.  Do you understand that?

5          MR. JORDAN:  I do, Your Honor.

6          THE COURT:  And the District Judge will go over a lot of

7   information about you, about the offense that will give -- Judge

8   Fenner -- which will give Judge Fenner the information to impose

9   a sentence that is reasonable, based upon the facts of this case.

10  Do you understand that?

11         MR. JORDAN:  Yes, Your Honor.

12         THE COURT:  So, the court will be looking at what we

13  call the sentencing factors.  That's under 18 U.S.C. Section

14  3553(a).  It looks at the need to deter, to protect the public,

15  to impose a sentence that is similar to others in a similar

16  situation.  Do you understand that?

17         MR. JORDAN:  Yes, Your Honor.

18         THE COURT:  Okay.  All right.  And I know in state court

19  they have what they call parole.  But you understand that there

20  is no parole in federal court?

21         MR. JORDAN:  Yes, Your Honor.

22         THE COURT:  All right.  And since you don't have a plea

23  agreement that you are reserving your right to appeal certain

24  things, I don't know if you talked about your (inaudible) with

25  your attorney, but you are reserving the right to appeal your

1  sentence and (inaudible).  Do you understand that?

2          MR. JORDAN:  Yes, Your Honor.

3          THE COURT:  All right.  All right.  Let's go on to the

4  factual basis in this case.  Mr. Luna, could you please provide

5  the Court with the evidence that the Government would present had

6  this case gone to trial?

7          MR. LUNA:  Yes, Your Honor.  I anticipate that if this

8  case went to trial, the Government would be able to prove that on

9  July 24th, 2020, at 2:30 p.m., a Kansas City, Missouri Police

10  officer was working in off-duty capacity at the Walmart located

11  on 40 Highway in Kansas City, Jackson County, Missouri, which is

12  in the Western District of Missouri.  The responding officer was

13  notified by Walmart Asset Protection personnel that a subject,

14  later identified as the defendant, had taken a flashlight off of

15  one of the shelves, ripped off a tag -- a price tag and concealed

16  the flashlight in his front pants pocket as he walked toward the

17  front of the store.  The defendant was stopped as he passed

18  through the checkout area without paying for the flashlight.  The

19  stolen flashlight was retrieved from the defendant's pants pocket

20  by the responding officer.  A computer check was then conducted,

21  and it was revealed that the defendant had a felony Missouri

22  parole violation warrant and several Jackson County municipal

23  warrants as well.  The defendant was placed under arrest for his

24  warrants and for the stealing.  A search incident to arrest of

25  the defendant's person revealed a black pouch attached to the

front of his pants.  As the responding officer removed the pouch,

he felt a weapon inside, and the defendant made a statement

acknowledging that there was a firearm inside the pouch.  The

responding officer removed the gun from the pouch and determined

it was unloaded.  The handgun was identified as a Phoenix Arms,

Model HP22A, .22 long rifle caliber handgun, with Serial Number

4358311.  The firearm was viewed by a special agent with ATF, who

is a nexus expert, and he was able to determine that the firearm

was not manufactured in the state of Missouri and, thus, had

traveled in interstate commerce.  The Government would also be

able to prove the defendant's prior felony convictions and his

knowledge of his felon status by offering certified copies of his

convictions.  Specifically, the defendant was convicted in Cause

Number 07AOCR01304-01 out of Jasper County.  It was a conviction

for the Class C felony of theft on November 19th of 2007.  The

defendant received initially a suspended three-year sentence in

that case.  However, his probation was subsequently revoked, and

he was sentenced to a sentence to serve that term of imprisonment

was executed.  So, he served a three-year sentence in that case.

January 25th of 2016, in Jackson County -- excuse me -- in Jasper

County, the defendant was convicted of three cases

simultaneously, 15AOCR00254-01, for the Class C felony of

receiving stolen property; in Case Number 15AOCR00793-01, for the

felony of stealing; and, in case number 15AOCR01426-01, for the

Class C felony of burglary in the second degree.  And in each of

these cases, the defendant was sentenced to concurrent five-year sentences under the Missouri Department of Corrections' long-term drug treatment program. Upon successful completion of the program, he was subsequently placed on two-year terms of his probation. However, his probations were subsequently revoked, and the sentences were imposed in all three of those cases. That's all I have, Your Honor.

THE COURT: All right. Thank you. Okay. Mr. Toth, do you agree that that would be the Government's evidence in this case?

MR. TOTH: Yes, Your Honor, it's all true.

THE COURT: All right. And, Mr. Jordan, do you agree with the Government's summary of what occurred?

MR. JORDAN: I do, Your Honor.

THE COURT: All right. And did you do what the Government said that you did?

MR. JORDAN: I did.

THE COURT: Okay. And I'll just ask, Mr. Toth, if you could just make a factual basis on the elements of this Indictment with Mr. Jordan?

MR. TOTH: I guess I -- I'm sorry, Your Honor. I don't quite understand the question.

THE COURT: If you'll make a factual basis with Mr. Jordan on these charges?

MR. TOTH: Did I make a factual basis?

1    THE COURT:  No, will you.  I want you to do one now.

2    MR. TOTH:  Oh, okay.  Your Honor, yes.  On July 24th,

3  2020, Mr. Jordan did go into the Walmart store in Western

4  District of Missouri.  He did --

5    THE COURT:  Well, do you want to ask him the questions?

6  Do the colloquy.

7    MR. TOTH:  Justin?

8    MR. JORDAN:  Yes.

9    MR. TOTH:  Thank you, Your Honor.  Now, I'm tracking.

10  I'm so sorry.  Justin, did you hear this factual basis given by

11  Mr. Luna, the Government's attorney?

12    MR. JORDAN:  I did, Your Honor.  I did, Mr. Toth.

13  Sorry.

14    MR. TOTH:  Okay.  And, Justin, we have gone over the

15  facts of the case together, correct?

16    MR. JORDAN:  Yes, we have.

17    MR. TOTH:  And did the factual basis given by Mr. Luna,

18  is that accurate and correct?

19    MR. JORDAN:  Yes, it is.

20    MR. TOTH:  Okay.  And in fact, are you pleading guilty

21  to being a felon in possession of a firearm because you were a

22  felon in possession of a firearm when you were arrested on July

23  24th?

24    MR. JORDAN:  Yes, and I was.

25    MR. TOTH:  Your Honor, is there anything else you would

1  like from me on that?

2  THE COURT: No, I'll just ask him just a couple follow-

3  up questions. I just want to make sure the record is clear. So,

4  Mr. Jordan, on July 24th of 2020, here in the Western District of

5  Missouri, did you know that you were already previously convicted

6  as a felony?

7  MR. JORDAN: Yes, ma'am, I was.

8  THE COURT: And at that time, on July 24th of 2020, did

9  you knowingly possess a firearm, the one that is listed in the

10  Indictment, the Phoenix Arms, semi-automatic pistol with that

11  serial number?

12  MR. JORDAN: Yes, ma'am.

13  THE COURT: And do you agree that the Government would

14  present evidence that that firearm was not manufactured in

15  Missouri, therefore, it had to be transported in interstate

16  commerce? Do you agree with that?

17  MR. JORDAN: Yes, ma'am.

18  THE COURT: Okay. All right. I think that's

19  sufficient. All right. Mr. Jordan, has anyone attempted in any

20  way to force you to plead guilty or otherwise threaten you?

21  MR. JORDAN: No, ma'am.

22  THE COURT: And has anyone made any promises or

23  assurances of any kind to get you to plead guilty today?

24  MR. JORDAN: No, Your Honor.

25  THE COURT: And are you pleading guilty because you are,

1  in fact, guilty?

2          MR. JORDAN:  Guilty is guilty, yes.

3          THE COURT:  And are you doing this of your own free

4  will?

5          MR. JORDAN:  I am, Your Honor.

6          THE COURT:  So, I will specifically ask you, Mr. Jordan,

7  as to this one-count Indictment that was returned in the Western

8  District of Missouri on August the 25th of 2020, how do you

9  plead, guilty or not guilty with being a felon in possession of a

10  firearm?

11          MR. JORDAN:  I plead guilty, Your Honor.

12          THE COURT:  All right.  All right.  The Court does find

13  that there is indeed a factual basis for the plea of guilty, and

14  that you, Mr. Jordan, since you acknowledge that you are, in

15  fact, guilty as charged in the Indictment, and since you know

16  your rights to a trial by jury, you are aware of (dogs barking).

17          MR. HABIGER:  Sorry.

18          THE COURT:  And since you are knowingly and

19  intentionally pleading guilty, the Court will accept your guilty

20  plea.  All right.  And so, a Presentence Investigation Report

21  will be prepared.  Also, this Court will prepare a Report and

22  Recommendation to Judge Fenner recommending the judgment of the

23  plea of guilty.  With the -- I think we have Probation on, Mr.

24  Habiger is on, and he will prepare the report.  You will have a

25  chance to look at that report.  Your attorney will review it.

1  The Government will review it.  If you have any changes or

2  corrections, you'll have a chance to do that.  (Phone ringing).

3  Okay.  If you all cannot resolve any changes or corrections,

4  Judge Fenner will make the ultimate determination as to what

5  should be in that report.  Do you understand that?

6          MR. JORDAN:  Yes.

7          THE COURT:  All right.  All right.  Do you have any

8  questions about anything that we've gone over today, Mr. Jordan?

9          MR. JORDAN:  Not that I'm aware of, Your Honor.

10          THE COURT:  Okay.  All right.  I am going proceed to

11  cover -- you will continue to be -- you're at Caldwell County?

12          MR. JORDAN:  Yes, ma'am.

13          THE COURT:  So, you'll remain there, and I think that's

14  all we need to cover.  Mr. Luna, anything else?

15          MR. LUNA:  No, Your Honor.  Thank you.

16          THE COURT:  Okay.  Mr. Toth, anything you can think of?

17          MR. TOTH:  No, thank you, Your Honor.

18          THE COURT:  Okay.  My staff, anything that I've

19  forgotten?  Okay.  All right.  So, we will be in recess.  Thank

20  you, all.  Please continue to be safe and be healthy.

21          MR. LUNA:  Thank you.

22          MR. JORDAN:  You too, Your Honor.

23          MR. TOTH:  Thank you.

24          MR. JORDAN:  Thank you.

25                  (Court Adjourned at 2:06 p.m.)

I certify that the foregoing is a correct transcript
from the electronic sound recording of the proceeding in the
above-entitled matter.


          /s/ Lissa C. Whittaker        December 10, 2020
          Signature of transcriber           Date